Murry A. Marks, Elliott & Marks, St. Louis, Mo., for plaintiff.

James E. Reeves, U. S. Atty., King W. Trimble, Asst. U. S. Atty., St. Louis, Mo., for defendant.

**Alvin WILSON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 68 C 357(3).**

United States District Court
E. D. Missouri, E. D.

March 11, 1969.

## MEMORANDUM OPINION AND ORDER

REGAN, District Judge.

This action, brought under the Federal Tort Claims Act, involves a collision in the City of St. Louis, Missouri, on March 11, 1967, at about 2:30 p. m., between plaintiff's Honda motorcycle and a United States Post Office station wagon operated by a postal employee, Elvis N. Ballard, Jr., in the course and scope of his employment. Ballard, a special delivery messenger, southbound on Walton Avenue, was returning to the Main Post Office at the time of the accident. Plaintiff, riding his motorcycle for pleasure

since about 8 a. m. that day, had been driving west on Newberry Terrace, which dead ends at Walton. He turned right and came into collision with the station wagon. The cause and circumstances of the collision are in dispute.

We find from the credible evidence that Ballard was driving in the southbound lane of Walton, approaching Newberry, when plaintiff made a wide right turn into the southbound lane of Walton. Ballard immediately applied his brakes and brought his vehicle to a stop. Because of cars parked on the west side of Walton, Ballard was unable to swerve to the right. Plaintiff was unable to complete his turn before his handlebars struck the left rear side of the stopped station wagon which was still in the southbound lane. Plaintiff was thrown to the street underneath his motorcycle, sustaining a fractured left leg and other less serious injuries.

Plaintiff's version of the accident, which we do not accept, was that after making a stop at the east curbline of Walton, he made a proper right turn into the northbound lane and that when the station wagon was about five feet to his north, it veered to the east and into the northbound lane, that plaintiff then swerved to the right but was unable to do so in time to avoid a collision between the left side of the station wagon and his handlebars.

Both plaintiff and Ballard were under the duty of exercising the highest degree of care in the operation of their vehicles, and a failure to exercise such care constitutes negligence. The burden of proving negligence on the part of Ballard by the preponderance or greater weight of the credible evidence was upon plaintiff. We are convinced that plaintiff has failed to sustain his burden of proof. It follows that he is not entitled to recover. In this situation, we need not rule the further issue of plaintiff's contributory negligence.

The foregoing memorandum constitutes our findings of fact and conclusions of law. The Clerk is directed to enter judgment in favor of defendant and against plaintiff.